CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2012

JULIA A. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLYDE ALLEN HARRIS, | ) | CASE NO. 7:12CV00446 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| SWVRJA ABINGDON, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Clyde Allen Harris, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has not received appropriate medical treatment in jail, in violation of his constitutional rights. After review of Harris's complaint, the court summarily dismisses the action without prejudice for failure to state a claim.

I

Harris is incarcerated at the Southwestern Virginia Regional Jail Authority facility in Abingdon ("the jail").[1] Harris alleges that he put in "sick calls" for two weeks or more before getting an appointment with the doctor on June 13, 2012. Harris told the doctor that he was "in a lot of pain and . . . thought maybe [he] had broke[n his] pins loose." When he asked for an x-ray, the doctor said no, without even checking Harris, and prescribed pain medication for him. Harris filed a grievance, stating that the doctor had not properly examined him and asking to be seen by an outside doctor, but no one arranged an outside consultation for Harris. The jail doctor later ordered an x-ray and test results were normal.

Harris also filed a sick call request, stating that he had spots on his hands and is afraid they might be cancerous. When nurses examined Harris in the medical unit on July 24, 2012,

---

[1] Harris' factual allegations appear in his complaint and in the grievances attached to his verified statement (ECF Nos. 1 & 7.)

they laughed, said the spots were not cancer, and told Harris the doctor "won't check it." Harris filed more grievances to have the spots checked for cancer, with no response.

The only defendant Harris names is the "SWVRJA-Abingdon" jail. Harris does not state the relief he seeks in this action.

## II

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or official if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept, of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981).

2

Harris fails to link a jail policy to any of the alleged deprivations. Accordingly, plaintiff fails to state a claim upon which relief may be granted against the jail,[2] the only defendant he sues in this action. Therefore, the court will dismiss the complaint without prejudice. An appropriate order will issue this day.

For the reasons stated, the court dismisses Harris's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This ____ day of October, 2012.

_____
Chief United States District Judge

---

[2] Harris's allegations also fail to state any actionable § 1983 claim against any jail official. Harris fails to allege facts indicating that any of his medical conditions present a serious medical need for different treatment than what the jail's medical staff has provided to him, or that officials have acted with deliberate indifference to his needs. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (finding that to state Eighth Amendment claim, inmate must show prison official's deliberate indifference to inmate's serious medical need); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding that inmate's disagreement with medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment). Even if Harris could show that the jail's medical staff has acted negligently with regard to his treatment, officials' negligent actions do not give rise to any constitutional claim actionable under § 1983. Estelle, supra.